The Honorable James G. Dietz State Representative 5301 Warden Road, Suite H-1 North Little Rock, Arkansas 72116
Dear Representative Dietz:
This is in response to your request for an opinion, on behalf of Mr. Ron L. Oliver, Chairman of the Pulaski County Election Commission, concerning A.C.A. 7-5-614 (Repl. 1993), a provision of the election laws. Section 7-5-614 pertains to the requisite procedures for tabulating votes when an electronic voting system is used and provides in pertinent part:
 (a)(1) The tabulation of votes of a precinct in which an electronic voting system as defined in this subchapter is used may be by automatic tabulating equipment at a central counting location or at the polling place.
 (2) The county committee of each political party with respect to primary elections, and the county board of election commissioners with respect to general and special elections, shall give notice of the location within the county of each place at which votes will be counted by electronic voting equipment, and of the names or numbers of all precincts whose votes will be counted at each location, by posting the notice in a conspicuous place in the county courthouse at least three (3) days prior to each election.
 (b) If the votes are to be tabulated at a central location:
 (1) The judges and clerks of election shall place all vote cards that have been cast in the container provided for the purpose. This container shall be sealed and delivered forthwith by the judges of election. If both judges cannot accompany the delivery of the container, then at least one (1) judge and at least one (1) clerk designated by the judges will accompany the container to the counting location or other designated place, together with the unused, void, and defective vote cards and returns.[1]
[Emphasis added.]
In correspondence submitted with your request, Mr. Oliver specifically references subsection (b)(1) of A.C.A. 7-5-614, as set forth above, since the precincts in Pulaski County will be using the "central location" method of tabulation. With regard to A.C.A. 7-5-614(b)(1), Mr. Oliver has asked for an opinion on the following questions:
 1. Can an election commission "runner" deliver the memory packs (i.e. computer format results), to the election commission office instead of the chief judge?
 2. Would it make a difference in the primaries if the runners are designated and sworn in as election judges or clerks by the respective parties in order to deliver the packs?
 3. Could the judges deliver the packs to an area location, the packs to be picked up by a runner dispatched to all the area locations by the election commission, who would then transport them to the central location?
In Mr. Oliver's correspondence, he indicates that the basis for these questions is that most of the Pulaski County Election Commission's poll workers are elderly and that after working 12 to 13 hours at the polls on election day, they are adamant about not driving downtown at night to deliver the packs. Mr. Oliver also notes that what the election judges are delivering to the central location are memory packs (which are about the size of a VCR tape and contain an electronic tabulation of the vote cards), rather than ballots.
With regard to Mr. Oliver's first question, I assume that the election commission office has been chosen as the "counting location" pursuant to A.C.A. 7-5-614(b)(1). With respect to this question, the pertinent part of 7-5-614(b)(1) provides that the vote cards (and presumably the "memory pack" to which Mr. Oliver refers in his correspondence) shall be placed in a container and that this container "shall be sealed and delivered forthwith by the judges of election." The statute further provides that if both election judges cannot accompany the delivery of the container, then at least one election judge and one election clerk to be designated by the judges will accompany the container "to the counting location or other designated place." [Emphasis added.] A.C.A. 7-5-614(b)(1). It is my opinion that this provision clearly requires the election judges (or judges and clerks if both judges cannot accompany) of the respective precincts to make the delivery themselves to the "counting location or other designated place" and that such a delivery may not be made by an election commission "runner." It is also my opinion, however, that7-5-614(b)(1) does not require that the deliveries be made to the "counting location" (I presume in this case the election commission office) since the statute refers to a delivery to the counting location "or other designated place." This phrase certainly contemplates that the vote cards (or presumably the "memory packs" Mr. Oliver refers to) may be delivered by the election judges to an area other than the actual "counting location," and while it is not entirely clear, thus perhaps suggesting the need for legislative clarification, presumably this phrase would allow the judges to deliver the materials to an "area location," as referred to in your third question if such a location is indeed a "designated place."
With regard to Mr. Oliver's second question, it is my opinion that A.C.A. 7-5-614(b)(1) contemplates that the election judges at each precinct will make the deliveries to the counting location or other designated place for their respective precincts. Thus, simply swearing in the "runners" as election judges or clerks in order that they may pick up the memory packs from the precincts and deliver them to the election commission office (the scenario I assume Mr. Oliver is referring to in his first question) would not, in my opinion, be permissible under 7-5-614(b)(1) since these persons would not be the judges or clerks for a precinct for which they were making the delivery.
With regard to Mr. Oliver's third question, it is my opinion, as stated in response to his first question, that the election judges could make their deliveries to an "area location" instead of the "counting location" if that "area location" was a "designated place" under A.C.A. 7-5-614(b)(1). Neither the statutes on electronic voting systems, nor any of the other election statutes, however, address the issue of who is authorized to deliver the materials from the "designated place" to the "counting location." Presumably, though, some individual would have to make such a delivery. In my opinion, it would be reasonable to allow what I understand are the "area supervisors" (i.e. persons sworn in as election judges who supervise several precincts in an area) to make these deliveries to the counting location. There is, however, no statute which specifically authorizes this, thus perhaps suggesting the need for future legislative clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] Arkansas Code Annotated 7-5-602(4) defines "counting location," as used in A.C.A. 7-5-614, to mean "a location selected by the county committee of each political party with respect to primary elections, and a location selected by the county board of election commissioners with respect to all general or special elections, for the automatic processing or counting, or both, of votes."